STATE (Sarah Braman, complainant)  *vs.*  WILLIAM LEE & another.

Where in the trial of a criminal complaint the defendant has been acquitted by a jury, a new trial cannot be granted on the ground of error on the part of the judge presiding at the trial, consistently with the provision of art. 1, sec. 7, of the Constitution of Rhode Island, that "no person shall, after acquittal, be tried for the same offence," or with the common law rule, that "no person shall be subject, for the same offence, to be twice put in jeopardy of life and limb."

The only exception provided for by Gen. Stat. chap. 209, § 10, to the rulings of the judge presiding at the trial of a criminal complaint before a jury, are exceptions taken on behalf of the defendant.

DURFEE, J.   This case comes before us by bill of exceptions from the Court of Common Pleas.   It is a criminal complaint for assault and battery.   In the court below, the jury returned a verdict of not guilty, under instructions which the complainant has excepted to as erroneous.   The first question is whether the exceptions can be entertained.   There is one difficulty in the way of entertaining them which the counsel for the complainant appears to have overlooked.   The statute does not provide for exceptions in favor of the state or the prosecutor, but only in favor of the accused when convicted.   Gen. St. ch. 209, § 10.   But even if this difficulty be not insuperable, we do not see how a new trial, which is the object of the exceptions, can be granted consistently with the provision of our Constitution, art. 1, sec. 7, that "no person shall, after acquittal, be tried for the same offence," or with the common law rule, that "no person shall be subject for the same offence to be twice put in jeopardy of life and limb," as that rule has been generally interpreted in this country, where it has been incorporated into the constitutions of several states, and of the United States.

The counsel for the complainant refers to certain criminal cases which have been reviewed on writ of error at the instance of the government.   *Com.* v. *Parr,* 5 W. & S. 345; *State* v. *Buchanan,* 5 Har. & J. 317; *State* v. *Walters,* 16 La. An. 205;

*Reg.* v. *Chadwick*, 11 Q. B. 205. The cases, except the Louisiana case, where the verdict was invalid, were not cases in which there were verdicts of not guilty, but cases decided by the court on demurrer to the evidence, or indictment, or upon special verdict. Certainly the prevailing current of decision in this country, if not in England, is to the effect that no person who has once been fairly acquitted by a jury upon a proceeding purely criminal can again be put upon trial without his own consent. 4 Bl. Com. 361 ; Bish. on Cr. Law, § 841, and cases cited ; *People* v. *Corning*, 2 Comst. 1 ; *Com.* v. *Cummings*, 3 Cush. 212 ; *State* v. *Benham*, 7 Conn. 414, 415 ; *People* v. *Webb*, 38 Cal. 267 ; *Mount* v. *The State*, 14 Ohio, 295 ; *Rex* v. *Lea*, 2 Moody, 9 ; *Reg.* v. *Russell*, 26 Eng. L. & Eq. 230 ; *United States* v. *Gibert*, 2 Sum. 19.

The counsel has also referred to cases in which the rule is disallowed on the ground that the proceeding, though criminal in form, is civil in substance and effect. The exception, even if allowable under our Constitution, does not cover the case at bar. The complainant still has her civil remedy unimpaired by the acquittal of the defendant.

The counsel contends that the jurisdiction is necessary to secure uniformity of decision. The want of such uniformity is doubtless an evil, but it is an evil which the people have chosen to run the hazard of, rather than expose a citizen who has once been fairly acquitted to the more perilous evil of repeated prosecution.

*The bill of exceptions is dismissed.*