# Mixon *v.* The State.

## *Indictment for Arson.*

1. *Discharge of jury, on account of sickness of juror.*—The law has been settled in this State, ever since the decision in the case of *Ned v. The State* (7 Porter, 188), that the discharge of the jury in a criminal case, after the commencement of the trial, on account of the sickness of one of the jurors, can not be pleaded as an acquittal on a subsequent trial under the same indictment; and although the court is now authorized by the statute (Rev. Code, § 4201), in such case, to summon another juror in the place of the one so discharged, and commence the trial anew, the refusal of the judge to exercise this power does not amount to an acquittal, nor entitle the defendant to be discharged from further prosecution under the indictment. In such cases, the accused cannot be said to have been placed in jeopardy, within the meaning of the constitutional provision (Art. I. § 10), which declares that no one shall be twice "put in jeopardy" for the same offense.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case was found on the 24th May, 1876, and charged that the defendant, Anna Mixon, "unlawfully set fire to and burned an inhabited dwelling-house of W. J. Morrison." On Friday, the 16th June, a day of the same term of the court, the defendant was regularly arraigned on this indictment, and pleaded not guilty; and after the trial had been begun, "and one witness for the State had been examined," as the minute entry recites, "one of the jurors became so sick as to incapacitate him for the performance of his duty, and was discharged by the court; and it being after two o'clock P. M. on Friday, and the presiding judge being fatigued and unwell, the court refused to summon another juror, in the place of the one so discharged, and to commence the trial anew, but held that it was necessary to postpone the trial of the cause until Monday, the 19th June next, and discharged the eleven remaining jurors; to which action and ruling of the court the said defendant then and there excepted." On the day fixed for the trial under this order of the court, the prisoner was again arraigned, and pleaded this discharge of the jury as a former acquittal; the plea setting out the facts, and being verified by affidavit. The court sustained a demurrer to this plea, and its judgment on the demurrer is now urged as error.

R. B. THOMAS, for the defendant.—The unauthorized dis-

charge of the jury in a criminal case, after the trial has been commenced, and the accused has been put in legal jeopardy, operates an acquittal.—*Ex parte Clements*, 50 Ala. 459; *Bell & Murray v. The State*, 48 Ala. 684; *Bell v. The State*, 44 Ala. 393; *McCauley v. The State*, 26 Ala. 135; *Celia v. The State*, 16 Ala. 781; *Ned v. The State*, 7 Porter, 213; 1 Bishop's Criminal Law, ed. 1865, §§ 856, 858. The court has the power, of course, to discharge the jury in any case of pressing necessity; but the judge determines the existence of the facts, and the law determines whether they constitute a case of necessity. The statute provides for the discharge of the jury, on account of the sickness of a juror, "after the jury retire," and by the "final adjournment of the court." Rev. Code, §§ 4202–03. The discharge of the jury in either of these cases is expressly provided for by law, and cannot be pleaded as an acquittal. But the statute further provides for the very case shown by the present record, and requires the court, on the happening of the specified contingency, to summon another juror, and commence the trial anew. Rev. Code, § 4201. The disregard of this imperative statutory duty, to which the defendant duly objected and excepted at the time, operated an acquittal.

JNO. W. A. SANFORD, Attorney-General, for the State, contended that the statute (Rev. Code § 4201) was not mandatory, but conferred a discretionary power on the court. He cited *Robinson v. The State*, 52 Ala. 587; *Barrett v. The State*, 35 Ala. 406; *Ned v. The State*, 7 Porter, 213; *Gayle v. Bishop*, 14 Ala. 552; *Ashley v. Hopper*, 15 Ala. 457.

MANNING, J.—The question presented in this cause is, whether or not the discharge of the jury, under the circumstances attending it, after testimony had been submitted to them, should be allowed to operate as an acquittal of the defendant below. She was indicted for the offense of arson; and after the jury had been impannelled, sworn, and charged, and one witness had testified in chief on behalf of the State, one of the jurors " applied to the court to be excused from further service on said jury, on account of his being so sick as to incapacitate him from further serving on said jury. Thereupon, the court questioned said juror, under oath, as to whether he was so sick as to incapacitate him for the performance of his duty as a juror,. Upon said juror giving an affirmative answer, * * * the court stated that he thought Mr. Clay," the juror, " was unable to sit on the jury through the trial of said cause, and thereupon discharged him from the jury, against the protest and objection of " the

defendant. This statement of the circumstances is quoted
from the special plea filed on behalf of defendant, and sworn
to by her; and the truth of the facts alleged, as above set
forth, or of any of them, or of the representations and affirma-
tions made respecting such facts, is not controverted.

It is well settled, that, " if by any overruling necessity, the
jury are discharged without a verdict, which might happen
from the sickness or death of the judge holding the court, or
of a juror,    *    *    *    *    *    the accused may
again be put upon trial, upon the same facts before charged
against him, and the proceedings had will constitute no pro-
tection." (Cooley on Const. Lim. 327–8.)  Mr. Bishop, in his
Criminal Law, vol. 1, § 869 (667, b), says: "In the next place,
sickness may come, unknown before it comes; and if, while
the cause is on trial, it falls on the judge, or a juryman, or
the prisoner, falls to interrupt the proceeding before final
verdict rendered, this result shows that no jeopardy existed
in fact, though believed to exist; and the prisoner may be
put to answer anew."  In the thorough investigation of this
subject by Judge ·HENRY GOLDTHWAITE, in *Ned v. The State*
(7 Porter, 188), it was shown to be unquestionable that the
sickness of a juror, when sufficient to incapacitate him for
the performance of his duty, justified his discharge from the
cause, and the consequent dissolution of the jury; and that
this would not constitute a bar to the trial of the accused at
a subsequent time.  This has ever since been regarded, and
frequently been recognized, as sound law in this State.  We
do not understand appellant's counsel as denying the cor-
rectness of that view.  What is most complained of is, that the
court did not, as insisted at the time by defendant's counsel,
proceed according to section 4201 of the Revised Code, and
cause another person to be summoned to take the place of
the discharged juror, and commence the trial anew.  That
whole section is as follows: "If, before the jury retire, one
of them becomes so sick as to incapacitate him for the per-
formance of his duty, or any other cause renders it necessary,
in the opinion of the court, to discharge a juror, such juror
may be discharged, another summoned in his place, and the
trial commenced anew."  Certainly, a judge should not
lightly decline to exercise the power conferred on him by the
latter part of this enactment.  Whether or not there was a
sufficient excuse for not so proceeding, in this instance, is
not a question now to be considered.  The important inquiry
is, did the failure or refusal of the judge then to have another
person summoned, and put upon the jury bench, and com-
mence the trial anew, amount to an acquittal of the defend-
ant, or entitle her to be discharged from any further respon-

[Mixon v. The State.]

sibility? If so, it was because she had been placed thereby in the state of legal jeopardy, to which the constitution provides no person shall be twice subjected.

When does such jeopardy to the accused exist? Mr. Bishop says, § 856 (659), that it occurs only when "a traverse jury is impannelled and sworn to try the cause. Then his jeopardy begins; and it begins only when the pannel is full." Sometimes, however, as we have seen above, the jeopardy is more apparent than real—as when, by reason of the sickness or death of the judge, or of a juror, the trial is prevented and fails. In the case of the sickness of a juror, it fails because of his discharge, when his condition requires it, which discharge reduces the jurors below the number necessary to make the *pannel* full, and compels the parties to begin the trial *anew*. This, we have seen, is the consequence, according to the common law, and almost all the authorities, when a juror is properly discharged on account of serious sickness; and the section quoted, which is only supplemental to the common law, differs from it, merely in authorizing the addition of another juror to the remaining eleven, instead of requiring the impannelling of another jury entire. Both the common law and the statute impliedly affirm, by providing that the trial shall be commenced anew, that what has taken place and been done, before and at the time when the juror has in such a case been discharged, does not operate to entitle the accused to go free, by reason of the jeopardy he has hitherto incurred.

What legal jeopardy, then, was this appellant afterwards placed in? Suppose the rest of the jury had not been dismissed. There would have been eleven persons only chosen, not a full pannel. The position of the accused would have been precisely that she would have occupied, if, in the original formation of the jury, eleven had been selected, and the judge had refused, for any cause, to go forward and complete the pannel, and, in consequence of this, the trial at that term of the court had not been had. Certainly, this, whatever other redress it might entitle a defendant to, could not be pleaded as a bar to his trial at a subsequent term. He was not put in a situation of legal jeopardy, until the pannel was full, and all the jurors sworn well and truly to try the issue between him and the State, and a true verdict to render. This was the condition in which appellant stood when the judge was requested to substitute another person in place of the juror who was discharged on account of sickness. It did not entitle her to go free. The demurrer to the special plea was, therefore, properly sustained.

We find no error in the record, and the judgment is affirmed.