### STATE *vs.* JOHN NELSON.

The Constitution of Rhode Island, Article 1, § 7, which declares that "No person shall, after an acquittal, be tried for the same offence," is a guaranty not only of the right of the accused to absolute immunity from a charge after acquittal, but also of the right to have a trial go on after it is begun, except where the progress of the trial is necessarily interrupted, and it becomes practically impossible to proceed to a verdict, in which case the jury may be discharged, and the accused still be held for trial.

What facts will warrant the discharge of a jury in a criminal case rest in the discretion of the trial judge; but that discretion is a judicial one which is subject to review.

At the trial of a criminal case an officer in attendance upon the court was informed by telephone that a juror was sick, and unable to proceed with the trial, and communicated such fact to the presiding justice, who, thereupon, notwithstanding the defendant's objection and request to have the case continued until the next day, so that the real condition of the juror might be ascertained, dismissed the jury.

*Held*, that as the judge had no legal evidence before him of the sickness of the juror, and hence no established fact upon which he could exercise discretion in the matter, the dismissal of the jury was improper, and entitled the defendant to a discharge.

DEFENDANT'S petition for a new trial.

*May* 16, 1896.   STINESS, J.   Upon a trial of the defendant in the Common Pleas Division, in February, 1895, he was convicted of the crime of receiving stolen property, knowing the same to have been stolen.   Before the trial he moved for a discharge upon the following grounds, viz. :   That he had been put upon trial on the same indictment in January, 1895, before a jury duly empaneled and sworn ;  that the trial proceeded on the 17th, 18th, 19th and 21st days of January ; that on said 21st day of January, 1895, the presiding justice notified him that some officer in attendance upon the court had received information by telephone that one of the jurors was sick, and unable to proceed with the trial ; that no other information as to the sickness of the juror was communicated to the presiding justice ;  that the defendant, insisting upon his right to be tried by the jury so sworn and empaneled, asked that the case be continued until the next day, in order that the real physical condition of the juror could be ascertained, which request was refused, and the jury was dismissed ;  that having thus been once placed in jeopardy of his liberty he was entitled to be discharged.   This motion, made in the form of a plea, was demurred to by the Attorney General ;  the demurrer was sustained by the court, and the plea dismissed.   The defendant now petitions for a new trial upon several grounds, but the only one which needs to be considered is whether the ruling that the allegations of the motion to discharge were not sufficient in law was erroneous.

The language of the Constitution of this State, article 1, § 7, is :  " No person shall, after an acquittal, be tried for the same offence."   The Constitution of the United States, article 5 of the amendments says :   " Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."   State constitutions differ in the same way. These provisions grow out of the common law maxim that no one shall be twice vexed for the same cause.   One provision implies a verdict of acquittal and the other a liability to conviction, or, as it is termed, a jeopardy, but both stand

for recognized rights,—the right to absolute immunity from a charge after an acquittal, and the right to have a trial go on after it is begun. The latter right must necessarily be subject to exceptions in cases where the trial may be abortive, as from the illness of the judge, juror or prisoner, inability of a jury to agree, and other well known causes. In such cases there is now no question that there may be another trial, under either form of constitutional provision. The constitutional provisions are a guaranty of rights, and not a limitation of them. The fact, therefore, that our Constitution speaks only of an acquittal does not imply that the right of an accused to have his trial proceed, except in cases of necessity, is taken away. It is doubtless on account of these constitutional provisions that the rule is held more strictly in favor of the accused in this country than it seems to be in England. In *The Queen* v. *Charlesworth*, 1 B. & S. 460, it was held that where the jury was improperly discharged, against the will of the defendant, it was not equivalent to an acquittal, and the defendant was not entitled to go without day. But in this country courts have felt constrained by the constitutional guaranties in favor of a defendant, and have followed a much stricter rule. Thus, it was early held that the inability of a jury to agree upon a verdict did not justify the court in discharging the jury, and that in such case the defendant would not again be put in jeopardy. *William* v. *Commonwealth*, 2 Gratt. 568 ; *Wright* v. *State*, 5 Ind. 290 ; *State* v. *Alman*, 64, N. C. 364 ; *Mahala* v. *State*, 10 Yerger, 532. But this is not now the law in two of the States cited. *State* v. *Jefferson*, 66 N. C. 309 ; *State* v. *Walker*, 46 Ind. 346 ; *State* v. *Leach*, 120 Ind. 124.

It is now well settled by general practice and concurrent authority that a jury may be discharged when it is unable to agree upon a verdict, or when, for other causes, it becomes impossible to proceed to a verdict ; and that the accused may still be held for trial. In such cases the jeopardy is interrupted, but no new jeopardy is imposed ; nor is the right of the accused to go on with his trial disregarded, because the completion of the trial as begun has become practically im-

possible. It follows, therefore, that the existence of such facts as will warrant the discharge of the jury must rest in the discretion of the trial judge; and the question comes in this case whether that discretion is an absolute discretion, which cannot be reviewed, or whether it is a judicial discretion, to be exercised in proper cases, which is subject to review. We think that the latter is the correct rule. Indeed, we know of no case which holds that the discretion is absolute, nor do we see how it could be so held without ignoring the rights of the accused. Cases arising upon the inability of a jury to agree come nearest to the exercise of an absolute discretion, because the facts arise under the eye and largely within the knowledge of the judge; but it is still a judicial discretion, which would be open to review for manifest abuse. The cases upon this subject are too numerous to be reviewed in full. They are cited in text books, and are practically harmonious.

In the early case of *State* v. *M'Kee*, 1 Bailey, (S. C.) 651, it is held that the power of the trial court is a matter of discretion, but that it is a legal discretion, which must be exercised in conformity to known rules. See also *Dobbins* v. *State*, 14 Ohio St. 493; *Mitchell* v. *State*, 42 Ohio St. 383; *Commonwealth* v. *Fells*, 9 Leigh, 613; *Hilands* v. *Commonwealth*, 111 Pa. St. 1. In *O'Brien* v. *Commonwealth*, 9 Bush. (Ky.) 333, the court states the principle of the common law "that every interference on the part of the State, after the jury has charge of the prisoner, by which the accused is prevented from having a verdict declaring the guilt or innocence, unless upon facts clearly establishing a case of necessity, or showing the prisoner's consent, must operate as an acquittal, and this is the only mode of preserving and maintaining the constitutional provision on the subject."

In *Mixon* v. *State*, 55 Ala. 129; *State* v. *Allen*, 46 Conn. 581; *Doles* v. *State*, 97 Ind. 555; and *State* v. *Washington*, 89 N. C. 535; the facts upon which the jury were discharged were heard and passed upon by the trial court, and the finding put upon the record. The judicial discretion thus exercised was sustained, upon review, and held to be no bar to

further prosecution. *State* v. *Emery*, 59 Vt. 84, sustains the discharge of the jury for the sickness of a juror, but it does not state how the fact was ascertained.

In the case before us there was no legal evidence whatever of the sickness of the juror, and hence no established fact upon which the court could exercise discretion. There was no testimony of a physician, or of any one who had seen the juror, that he was ill; nor any opportunity given to ascertain the fact. There was only a mere report. In *People* v. *Cage*, 48 Cal. 323, it was held that the report of a sheriff to the court that the jury said they were unable to agree was not evidence upon which the court could act in discharging the jury; but that the jury should have announced their inability in the presence of the court. In *State* v. *Jefferson*, *supra*, the case was given to the jury on Tuesday and the judge went to his home, instructing the clerk of the court to inform him by telegraph of the agreement, or failure to agree, of the jury before the Saturday night following. The clerk informed the judge, on Saturday, that the jury could not agree, and the judge instructed the clerk to discharge the jury. Upon review it was held that the prisoner should go without day, upon the ground that it was the duty of the judge to have been personally present in court, and to have found, judicially, the facts upon which his decision to discharge the jury was based; for the reason that judicial power cannot be delegated. The doctrine of these cases is sound. In criminal proceedings the rights of a defendant cannot be lightly dealt with, nor can a judge arbitrarily discharge a jury, and require a defendant to be put to another trial. The question is a new one in this State, and we have no doubt of the good faith of the judge in discharging the jury. But if the facts set up in the defendant's motion were true, and upon demurrer they are taken to be true, they made a sufficient ground for a discharge, and the demurrer should not have been sustained, but overruled. The defendant had the right to a judicial finding upon the question of the necessity for dismissing the first jury, and in the absence of it to a discharge. Consequently, the second trial was im-

proper, and the verdict must be set aside and a new trial granted. Such new trial takes the case back to the defendant's motion for a discharge.

The case will therefore be remitted to the Common Pleas Division with instructions to set aside the verdict, to overrule the demurrer, and to allow a reasonable time to the Attorney General to traverse the allegations of the motion if he shall see fit to do so.

*Edward C. Dubois*, Attorney General, for the State.
*Charles A. Wilson & J. Jerome Hahn*, for defendant.

