DECISION
After a jury trial, Defendant Tejendra Patel was found guilty of murder in the first degree, pursuant to G.L. 1956 § 11-23-1; conspiracy to commit murder, pursuant to § 11-1-6; and discharging a firearm while committing a crime of violence, death resulting, pursuant to §11-47-3.2. Defendant moves to dismiss and/or merge his conviction on the firearm charge on the ground that the statutory sentence for the crime, a life sentence imposed consecutive to any other penalty, violates the Double Jeopardy Clause of the United States Constitution and Article 1 § 7 of the Rhode Island Constitution. The state objected to these arguments. The Superior Court has jurisdiction pursuant to G.L. 1956 § 8-2-15.
 FACTS AND TRAVEL
Defendant was convicted of the above-stated charges in connection with the murder of Sanjeev Patel on January 1, 2002 at the Founder's Brook Motel in Portsmouth, Rhode Island. A gun was used in the commission of the crime, and the victim died as a result of injuries from the gunshot wounds. Pursuant to G.L. 1956 § 11-47-3.2,[1] defendant is facing a life sentence for the use of the firearm in the commission of the crime due to the victim's resulting death. This life sentence would run consecutive to any penalty received for the underlying murder or conspiracy.
Defendant filed a motion to dismiss the gun conviction or, in the alternative, to merge the firearm conviction with the other convictions. Defendant argues that the conduct leading to his convictions arose from one event-the killing of Sanjeev Patel. Because he was convicted on the murder charge, defendant argues that the statute imposing a consecutive life sentence for the firearms charge constitutes multiple punishments for the same offense, in violation of the Fifth Amendment's Double Jeopardy Clause and Article I § 7 of the Rhode Island Constitution.
The State argues that cumulative punishments may indeed be imposed when the legislature intends such an effect in the creation of a statute like the one at issue. Only when the legislature's intent is unclear is the Double Jeopardy Clause implicated. The state argues that because the very text of G.L. 1956 § 11-47-3.2 clearly authorizes multiple punishments, any double jeopardy conflict is eliminated.
 ANALYSIS
The issue before this Court is whether sentencing the defendant under G.L. 1956 § 11-47-3.2 for the use and discharge of a firearm during the commission of a crime of violence that results in death violates the defendant's constitutional protection against double jeopardy. Since the defendant has argued that the provision at issue violates both the Fifth Amendment and the Rhode Island Constitution, this Court will address the statute in light of both provisions.
 The Fifth Amendment
The Supreme Court has interpreted the Double Jeopardy Clause to provide three areas of protection for defendants: no prosecution for the same offense after acquittal, no prosecution for the same offense after conviction, and no imposition of multiple punishments for the same offense after conviction. Jones v. Thomas, 491 U.S. 376, 381 (1989). InBlockburger v. United States, 284 U.S. 299 (1932), the Court delineated a clear test to determine what constitutes "the same offense" for purposes of double jeopardy analysis. The Blockburger test compares the elements of the offenses to see whether "each provision requires proof of a fact which the other does not." Id. at 304. If each provision requires proof of an element that the other does not, Blockburger is satisfied. Id. In 1980, the Supreme Court clarified Blockburger's underlying assumption that Congress does not normally intend to punish the same offense under two different statutes "in the absence of clear indication of contrarylegislative intent." Whalen v. United States, 445 U.S. 684 (1980) (emphasis added). This language in Whalen clearly suggests that a legislature could impose cumulative punishments for the same offense if it so intended. Indeed, in Ohio v. Johnson, 467 U.S. 493 (1984), the Court stated that "[t]he Double Jeopardy Clause's protection against cumulative punishments is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Id. at 499. Therefore, the Blockburger test should not be applied until the court has determined that the legislature did not intend to effect cumulative punishments or that the legislative intent is unclear. See Pandelli v. United States, 635 F.2d 533 (6th Cir. 1980).
The Supreme Court definitively articulated its position on this issue in Missouri v. Hunter, 459 U.S. 359 (1983). In that case, a Missouri statute provided that any person who uses a dangerous or deadly weapon in the commission of a felony is guilty of armed criminal action and could be sentenced for not less than three years. Another statute provided that any person convicted of first degree robbery by means of a deadly or dangerous weapon should be imprisoned for not less than five years. The defendant in that case was convicted on both counts as the result of a robbery during which he used a revolver. Reversing the Missouri Court of Appeals, the United States Supreme Court determined that the Missouri legislature clearly intended to impose cumulative punishments for the "same offense" of armed criminal action and first degree robbery using a deadly weapon. In rejecting the Court of Appeals' conclusion that these two statutes violated the Double Jeopardy Clause, the Court held that "where a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the `same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Hunter, 459 U.S. at 368. It is clear from the previous analysis that the Fifth Amendment's Double Jeopardy Clause is not violated when a legislature intends to impose cumulative punishments for the same conduct.
Defendant has not argued that the two provisions at issue violate the "same offense" test under Blockburger. Whether or not these two provisions violate Blockburger is irrelevant, however, if the legislature intended to create two separate punishments for the underlying crime of violence and the discharge of a firearm in the commission of that crime of violence. See United States v. McLaughlin, 164 F.3d 1, 6 (D.C. Cir. 1988) ("If the legislature intends two criminal provisions to apply simultaneously, applying them together does not offend the Double Jeopardy Clause, even if the two provisions would otherwise be considered as defining the same offense under the Blockburger test.") Therefore, the question becomes whether the General Assembly intended § 11-47-3.2 to impose an additional sentence for the use of a firearm in addition to, and wholly apart from, the penalty given for the commission of the underlying crime of violence (murder) itself.
The question of whether a legislature intends multiple punishments rests primarily on principles of statutory construction. Hunter, 459 U.S. at 367. In any case where statutory construction is at issue, the first step "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). The inquiry ceases "if the statutory language is unambiguous and the statutory scheme is coherent and consistent." Id. (citing United States v. Ron Pair Inc.,489 U.S. 235, 240 (1989)).
The statute at issue in this case is clear and has a plain, unambiguous meaning. The first line of section (a) provides that "[n]o person shall use a firearm while committing or attempting to commit a crime of violence. G.L. § 1956 11-47-3.2. First of all, there is no dispute that murder is crime of violence.[2] Additionally, the first sentence of the statute clearly implies that two distinct acts are under consideration when this statute is implicated: a crime of violence and the use of a firearm. Section (b) states that "[e]very person who, while committing an offense violating subsection (a) of this section, discharges a firearm shall be guilty of a felony . . . ." Id. This language clearly states that discharging a firearm is a separate offense from the crime of violence and is chargeable as a felony. Section (c) proceeds to authorize a consecutive, rather than concurrent, sentence for the use of the firearm during the commission of the underlying crime.Id. The text of this statute evidences clear legislative intent to create a separate offense and additional punishment for the use of a firearm during the commission of a violent crime.
Defendant has cited two cases to the court in support of his proposition that imposing a consecutive sentence violates the federal Double Jeopardy Clause and should not be permitted. The first, Panelliv. United States, 635 F.2d 533 (6th Cir. 1980) is clearly distinguishable from the instant matter. In Panelli, the Sixth Circuit performed a traditional Blockburger analysis and found a double jeopardy violation only after determining that Congress' intent was inconclusive as to cumulative punishments. Id. at 536. Since defendant has not argued that the statute at issue poses a Blockburger violation, this case is neither instructive nor persuasive regarding the issue at hand. Indeed, this casedoes in fact recognize that legislative intent is conclusive if it can be determined. The second case, United States v. Palafox, 764 F.2d 558 (9th Cir. 1985) (en banc) is also distinguishable. In that case, the defendant was convicted of both possessing heroin with intent to distribute and distribution of heroin. The Ninth Circuit found that "where a single act of distribution forms the basis for both the charge of distribution and the charge of possession with intent to distribute, the government may prosecute and the defendant may be found guilty of both charges, but the court may impose only one sentence." The court of appeals then proceeded to remand to the district court for sentencing. Defendant uses the language from this case to stand for the proposition that defendant cannot be sentenced consecutively for two offenses that occurred at the same time. The Palafox court, adopting the reasoning set forth in Princev. United States, 352 U.S. 322 (1957), stated that Congress intended to punish only the completed event, not all the steps leading up to that completed event, even though a person could be convicted under both statutory provisions. In other words, Congress did not intend to "pyramid the penalties." United States v. Palafox, 764 F.2d at 561 (quoting Princev. United States, 352 U.S. at 327). Palafox stands for the proposition that because Congress did not intend for multiple punishments, a sentencing judge could not punish a defendant for both the completed crime and the separate elements of the offense. This case too, recognizes the rule that if a legislature intends to impose cumulative or multiple punishments for the "same offense" under two separate statutes, it may do so without running afoul of the Double Jeopardy Clause. Defendant's use of this case presumes that this Court would not find that the legislature intended cumulative punishments. For the reasons already set forth in this decision, the Court finds that the legislature intended to punish separately the offenses of discharging a weapon in the commission of a violent crime and the underlying crime of violence. Therefore, this Court finds that G.L. § 11-47-3.2 does not violate the Fifth Amendment's prohibition against double jeopardy.
 Article 1 Section 7 of the Rhode Island Constitution
The Double Jeopardy Clause in Article 1 § 7 of the Rhode Island Constitution is virtually identical to the federal Double Jeopardy Clause in the Fifth Amendment.[3] Although the federal Double Jeopardy Clause permits the imposition of multiple penalties for the "same act" upon a showing of legislative intent, states are free to provide greater protection to their citizens and thus may prohibit the imposition of multiple punishments arising out of a single action. See Michigan v.Long, 463 U.S. 1032 (1983). Although the Supreme Court of Rhode Island has never specifically addressed the issue at hand, it appears, with the exception of Montana, that all states addressing the issue have adopted the reasoning set forth in Missouri v. Hunter, 459 U.S. 359 (1983). This Court is compelled to align itself with the majority of the courts which have decided this issue.
The Rhode Island Supreme Court has obliquely referenced the Hunter
precept in the case of State v. Ashness, 461 A.2d 659 (R.I. 1983). InAshness, the state charged the defendant with robbery, assault with a dangerous weapon, and carrying a dangerous weapon in the commission of a crime of violence, the latter being a violation of G.L. 1956 § 11-47-3. The Court held that the assault with a dangerous weapon charge and the § 11-47-3 charge arose from the same act and could not therefore be separately punished. In a footnote, the Court addressed the applicability of Hunter, which had recently been decided by the United States Supreme Court. The Court stated that Hunter was inapplicable to its analysis inAshness because there was no evidence that the Rhode Island Legislature intended to authorize cumulative punishments under two statutes for actions constituting the "same" conduct under Blockburger. Ashness, 461 A.2d at 667 n. 11. As stated previously in this decision, the legislature clearly promulgated the statute at issue, G.L. 1956 § 11-47-3.2, with every intention of allowing the imposition of cumulative punishments. Hence, this Court believes that the rationale of Hunter is controlling and finds that § 11-47-3.2 does not violate the state constitution's double jeopardy provision.
This Court's rationale is supported by the fact that our Supreme Court has consistently applied and reaffirmed Blockburger whenever it has been confronted with a cumulative punishments issue. See, e.g. State v. Pope,414 A.2d 781, 788 (R.I. 1980); State v. Doyon, 416 A.2d 130, 134; Statev. Anthony, 422 A.2d 921, 925-926. Since our Court rigidly adheres toBlockburger and other principles of federal double jeopardy law, and noting that only one state has declined to adopt Hunter, this Court determines that the Hunter rationale is the correct rule to apply.
Defendant urges this court to adopt the Montana rule which enlarges that state's constitutional double jeopardy safeguards beyond those delineated in Hunter. In State v. Guillaume, 975 P.2d 312 (Mont. 1999), the Montana Supreme Court extended the double jeopardy protection to a defendant sentenced to ten years for felony assault and an additional five years for using a weapon during an assault. Even though the Montana legislature intended separate and distinct punishments for those assault violations, the Montana court determined that such multiple punishments would violate the prohibition against double jeopardy.
This Court declines defendant's request to adopt the Montana rule. Montana's double jeopardy provision is entirely different from that of Rhode Island and the federal Constitution. Montana's provision deals exclusively with precluding prosecution of an offense after that offense has been tried in another jurisdiction.[4] Montana effectively eliminates within its border the doctrine of dual sovereignty with its double jeopardy provision. This Court cannot adopt the interpretation of another state's constitutional provision that is entirely different from our own. Rhode Island's double jeopardy provision is, however, virtually identical to the federal constitutional provision. This Court can be soundly guided by decisions of the United States Supreme Court and other federal courts on the issue in controversy. Indeed, the Rhode Island Supreme Court has viewed both our state and federal double jeopardy provisions as being derived from common legal roots. See e.g., State v.Lee, 10 R.I. 494 (1873); State v. Nelson, 19 R.I. 467, 468, 34 A. 990, 991, (R.I. 1896). For these reasons, this Court adopts the rationale of Hunter and finds that the statute at issue does not violate the Rhode Island Constitution's prohibition against double jeopardy.
 CONCLUSION
It is evident from the text of G.L. 1956 § 11-47-3.2 that the Rhode Island General Assembly intended to penalize the act of using and discharging a weapon during the commission of a violent crime wholly in addition to, and apart from, the underlying violent crime. The United States Supreme Court held in Hunter that the Double Jeopardy Clause of the United States Constitution does no more than prevent a sentencing court from imposing greater punishment than the legislature intended. Since the legislature intended to impose an additional sentence for the discharge of a firearm during the commission of a violent crime, this Court finds that G.L. 1956 § 11-47-3.2 does not violate the Fifth Amendment's Double Jeopardy Clause.
Additionally, the statute at issue does not violate the Double Jeopardy Clause of Article 1 § 7 of the Rhode Island Constitution. This Court adopts the reasoning of Hunter as applicable to the double jeopardy provision of the Rhode Island Constitution. The Rhode Island Supreme implied in Ashness that it may apply Hunter in a similar situation if the legislature intended to impose additional and/or cumulative sentences for what might constitute the "same offense" under Blockburger.
Additionally, every state, except one, that has addressed the issue has adopted the Hunter rationale. For all of the foregoing reasons, this Court finds that G.L. § 1956 11-47-3.2 does not violate Article 1 § 7 of the Rhode Island Constitution.
[1] G.L. 1956 § 11-47-3.2 states that (a) No person shall use a firearm while committing or attempting to commit a crime of violence. . . .(b). Every person who, while committing an offense violating subsection (a) of this section,. discharges a firearm, shall be guilty of a felony and be imprisoned as follows: . . . (3) Life, . . . if the death or permanent incapacity or any person (other than the person convicted) results from the discharge of the firearm.
[2] G.L. 1956 11-47-3: "Crime of violence means and includes any of the following crimes or an attempt to commit any of them: murder . . . ."
[3] Art. 1 § 7 of Rhode Island Constitution: "No person shall be subject for the same offense to be twice put in jeopardy."
U.S. Const. Amend. 5: . . . "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."
[4] Mont. Const. Art. II § 25 (2002): "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction."