No. 85-485

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

CHANEY T. CORNELL,

        Defendant and Appellant.


_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Allen Beck, Billings, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Barbara Claassen, Asst. Atty. General, Helena
        Harold F. Hanser, County Attorney, Billings, Montana


_____

Submitted on Briefs: Jan. 23, 1986

Decided: March 20, 1986

Filed: MAR 2 0 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Chaney Thomas Cornell appeals his conviction on two counts of sexual assault following a jury trial in the District Court of the Thirteenth Judicial District, Yellowstone County. We affirm.

Three issues are raised on appeal. First, was the jury verdict supported by substantial evidence? Second, did the court's instruction on the definition of sexual contact place undue influence in the minds of the jury as to the status of the defendant as a witness? Third, did the District Court err in denying defendant's motion for mistrial due to prosecutorial misconduct?

The defendant was convicted of sexually assaulting J., his 10 year old daughter and K., her 11 year old friend. K. testified that the defendant sent J. to a neighbor's house to call defendant's residence to see if the telephone was working. When J. called, the defendant told her to stay there for half an hour and then assaulted K. the victim. J. testified to a separate sexual assault which occurred early one morning. In the information charging the two counts of sexual assault, the State alleged the offenses took place in "the summer of 1984." Defendant argues the sexual assault on K. could not have occurred in the summer of 1984 because the telephone service to defendant's residence was terminated on April 30, 1984. He further argued the evidence that the assault occurred in the spring should be excluded because the information referred only to the summer. Defendant made a motion in limine to prohibit the State from presenting, on rebuttal, any evidence of a sexual assault during the spring.

The District Court reserved ruling pending rebuttal testimony. No rebuttal testimony was presented by the State. During settlement of jury instructions, defendant requested the jury be instructed to ignore all testimony of any sexual assaults during the spring of 1984. This request was denied. Next defendant moved for mistrial due to prosecutorial misconduct in presenting evidence which went beyond the scope and notice of the information. The motion was denied.

On appeal, defendant argued, "[i]t was proven by clear and convincing evidence that the offenses as alleged by the supposed victims could not have occurred . . ." Obviously, the jury did not share that opinion. The jury found the defendant guilty beyond a reasonable doubt of two counts of sexual assault. The standard of review of a jury verdict in a criminal case is "whether there is substantial evidence to support the conviction, viewed in a light most favorable to the State. (Citations omitted.) Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Plouffe (1982), 198 Mont. 379, 389, 646 P.2d 533, 538. In this case, there was direct testimony from the two victims that they had been sexually assaulted by the defendant. This constitutes sufficient evidence to uphold the conviction.

Further, as to the specificity of the time of the assault alleged in the information, this Court stated in State v. D.B.S. (Mont. 1985), 700 P.2d 630, 633, 42 St.Rep. 770, 772, "the primary purpose of an information is to give general notice to a defendant of the charge against him." Section 46-11-401(1)(c)(iv), MCA states a charge shall state, "the time and place of the offense as definitely as can be done . . .." As we stated in D.B.S., "[t]he statute does not

require the exact time, date, month or even year to be specified." In D.B.S. we recognized that children are generally at a loss to apply times or dates to significant events in their lives, and the fact that the victim cannot set a date for the crime should not be fatal to the State's case, making the defendant immune from prosecution. In D.B.S. the information alleged a ten month period from January 1, 1983 to October 28, 1983 when the offense of incest occurred. This Court held the information stated a time for the offense with sufficient particularity. Likewise, in this case, the defendant was given sufficient notice as to the acts involved to prepare a defense or assert an affirmative defense.

Second, defendant raises, but does not brief, the issue of whether the District Court's instruction no. 8 placed undue influence in the minds of the jury as to the status of the defendant as a witness. The District Court's instruction no. 8 reads: "'Sexual contact' means any touching of the sexual or other intimate parts of the person of another for the purpose or [sic] arousing or gratifying the sexual desire of either party." This instruction is the language of section 45-2-101(60), MCA, verbatim. We fail to see how this instruction could place undue influence in the minds of the jury on the defendant's status as a witness. The defendant has not specified in his brief the error that occurred here and does not cite any authority to support his contention so required by Rule 23, M.R.App.Civ.P.

Finally, defendant raises the issue that the District Court erred by denying his motion for mistrial due to prosecutorial misconduct. He does not specify what actions constituted prosecutorial misconduct but we assume he is

- 4 -

referring to the presentation of evidence that the sexual assaults occurred in the spring of 1984 when the information referred to the summer. This action by the prosecution does not constitute prosecutorial misconduct.

This Court therefore affirms the judgment of the District Court.

_____
                Justice

We Concur:

_____
Chief Justice

_____

_____

_____
          Justices