No. 96-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

BALYEAT LAW, PC, as Trustee,

Plaintiff and Appellant,

vs.

GEORGINA BEVERLY PETTIT,

Defendant and Respondent.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Regan Whitworth, Balyeat Law Offices, Missoula,
Montana

For Respondent:

Andrea J. Olsen, Confederated Salish and Kootenai
Tribes, Tribal Legal Services, Pablo, Montana

Submitted on Briefs: January 9, 1997

Decided:   January 17, 1997
Filed:

_____
Clerk


Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a July 17, 1996 order of the Twentieth Judicial District Court, Lake County, granting a motion to dismiss the complaint which Balyeat Law, PC, as Trustee (Balyeat), filed against Georgina Beverly Pettit (Pettit).  We remand for further proceedings consistent with this opinion.

Background

On or about May 1, 1995, Balyeat filed its complaint in Lake County Justice Court alleging that Pettit was indebted to Balyeat, as Trustee for various creditors, for some $1,843.60, which, according to the attachments to the complaint, consisted of goods and services provided to Lyle R. Pettitt by health-care providers located in Ronan and in Missoula, Montana. Pettit was served with a copy of the complaint and a summons, and on June 14, 1995, the Justice of the Peace entered a judgment after default against Pettit for that sum plus interest and costs.

On January 16, 1996, Pettit, by counsel, moved to set aside the default judgment and filed a supporting brief under Rule 60(b)(4), M.R.Civ.P.  Pettit contended that the Lake County Justice Court had neither personal nor subject matter jurisdiction over her since she was an enrolled member of the Confederated Salish & Kootenai Tribes (Tribe) residing within the exterior boundaries of the Flathead Reservation; because the debts were incurred by Pettit's husband (both before and after their marriage); because the debts were not owed by her nor did they involve a sum certain; and because Balyeat was not a real party in interest and had, allegedly, violated  37-61-408(1), MCA (prohibiting an attorney from purchasing a debt for purposes of bringing an action thereon).

Balyeat filed its brief in opposition to Pettit's motion disputing Pettit's allegations regarding jurisdiction; contending that the court had jurisdiction over transactions involving Tribal members; contending that the complaint did state a sum certain; and arguing against the application of  37-61-410, MCA, and dismissal.  Attachments were included as to the issue involving  37-61-410, MCA.  A reply brief was filed by Pettit and both Balyeat and Pettit also filed supplemental briefs.  On February 27, 1996, the Justice of the Peace denied Pettit's motion without any memorandum of

opinion or rationale stated.

Pettit appealed to the District Court; briefs were filed directed to the jurisdictional issue; and within a few days of the filing of Pettit's reply brief, the court entered its order granting Pettit's motion to dismiss for lack of jurisdiction. The court did not support its order with any memorandum of opinion or rationale. This appeal followed.

## Discussion

The record on appeal does not reflect that there were any evidentiary hearings in either the Justice or District Court; there were no affidavits filed by either party; the only facts we have are those that can be gleaned from the allegations in and attachments to the initial complaint and from the statements of counsel in the briefs; we have not been furnished with any fruits of discovery; there are no findings of fact; and we have no basis for determining the legal authority or rationale upon which either the Justice of the Peace or the District Judge reached their opposite decisions.

On the record aforementioned, Balyeat requests this Court, on appeal, to resolve issues involving the jurisdiction of Montana state courts over a person who claims to be a member of an Indian tribe apparently residing on the reservation for debts of her husband allegedly incurred for medical care both on and off the reservation, some prior to their marriage and some after their marriage. Balyeat's opening brief contends that we should "further [refine] the law regarding jurisdiction of the courts of Montana," and it relies primarily on our decision in Crawford v. Roy (1978), 176 Mont. 227, 577 P.2d 392, which, by reason of Roy's status as an attorney and the specific facts of that case may have only marginal applicability to what appear to be the facts here. Balyeat also argues that Pettit is liable for the debts of her husband for necessary medical care under   40-2-106, 205-207 and 210, MCA.

Pettit's answer brief relies for the most part on broad principles of federal Indian law and Tribal sovereignty and on what she contends is the exclusivity of the jurisdiction of the Tribal Court in cases such as this. She disputes the applicability of the Montana case and statutory law cited by Balyeat.

Balyeat contends that Montana state courts have jurisdiction over Pettit and over all of the debts or accounts attached to its complaint; Pettit maintains that the state courts have no personal or subject matter jurisdiction in this case whatsoever. We believe that the correct result may lie somewhere in between.

The District Court's determination that it did not have jurisdiction over this case is a conclusion of law for which our review is plenary. Highlands Golf Club v. Ashmore (1996), 922 P.2d 469, 472, 53 St.Rep. 664, 665.

In this case we are asked to resolve (or, as Balyeat suggests, "refine") complicated questions involving Indian law and the

jurisdiction of Montana's state courts over a person who appears to be a member of an Indian tribe residing on the reservation, for debts incurred by her husband (who has never been named in the suit), for medical goods and services which he apparently incurred both before and after the parties' marriage, both on and off the reservation, which debts have been assigned to a law firm, as trustee, and which is the named plaintiff and real party in interest in the underlying collection action. We are asked to perform this task on the basis of a record that is completely devoid of any affidavits, hearing testimony or discovery establishing what the facts actually are; that contains no memorandum of opinion or rationale of the court whose decision we are requested to either affirm, modify or reverse; and on the basis of briefs that argue sweeping principles of law with little analysis of or application to what appears to be the complicated factual scenario summarized above.

Given the complexity and sensitivity of legal issues involving the assertion of state court jurisdiction over reservation Indians in civil matters, we are mindful that our decision in any case such as this--whichever way we rule--will, necessarily, have important ramifications throughout this State and will undoubtedly impact Indians and non-Indians, businesses (both on and off the reservation), and the court systems of two different sovereign governments.

In the context of the record presented to this Court on appeal --or, rather, the lack thereof--and because of the broad legal positions taken by the parties (legal positions that effectively take a broadax to apparent facts that should be treated with a scalpel), we conclude that this case is not ready for appellate review. Given the importance, complexity and sensitivity of cases such as this, and being put in a position of either having to make what may be bad law on a poor record or, alternatively, no law at all, we elect the latter. Accordingly, we decline to review this case further at this time.

This case is remanded to the District Court with instructions that a factual record appropriate to the dispositive issue or issues be developed; that the trial court render findings of fact, conclusions of law and a memorandum of opinion or rationale on the basis of that record in support of whatever decision it makes; and that in any further appeal of this case to this Court, the parties' briefs will cite and argue legal authorities that pertain to the specific factual record so developed and the decision ultimately rendered by the trial court. Finally, any future appellant is reminded that

> [i]t is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised. Failure to present the court with a sufficient

record on appeal may result in dismissal of the appeal
and/or the imposition of some other appropriate sanction.

Rule 9(a), M.R.App.P.
Remanded for further proceedings consistent with this opinion.


/S/   JAMES C. NELSON



We Concur:

/S/   J. A.   TURNAGE
/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER
/S/   KARLA M. GRAY