JUSTICE HUNT
dissenting.
¶ 42 I dissent from the majority opinion. While I agree with the application of the weapon enhancement statute under certain circumstances, I believe its application in this instance is misplaced. The constitutional prohibition against double jeopardy is found in the Fifth Amendment and made applicable to the states through the Fourteenth Amendment. Article II, Section 25, of the Montana Constitution, provides the same protection. The provision against double jeopardy protects defendants from both multiple punishments imposed at a single prosecution for the same offense, as well as for multiple prosecutions for offenses arising out of the same transaction. See State v. Guillaume, 1999 MT 29, ¶ 8, 293 Mont. 224, ¶ 8, 975 P.2d 312, ¶ 8; State v. Wells (1983) 202 Mont. 337, 350, 658 P.2d 381, 388 (emphasis added).
¶ 43 While discouraging the use of a weapon in the commission of a crime is a valid goal, when viewing the statute’s application here I cannot help but disagree with the result. From a common sense point of view, Keith has been sentenced to ten years for firing the gun, and then sentenced to ten years for firing the gun; one offense has resulted in two punishments. If Guillaume had not used a *175 weapon, he could still have been charged with misdemeanor assault. If Keith had not fired the .357, there would be no charge at all.
¶ 44 I would hold that the application of the weapon enhancement statute to Keith’s conviction for criminal endangerment did subject Keith to multiple punishments in violation of the double jeopardy provision of the Montana Constitution.