No. OP 09-0170

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 143

_____

| | | |
|---|---|---|
| JOHN ALFRED BORGEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| ANNA WHITING SORRELL, Director of DPHHS, | ) | |
| and the STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

¶1    John Alfred Borgen petitions for a writ of habeas corpus, claiming he is being unlawfully detained by the Department of Public Health and Human Services (DPHHS) under a June 8, 2008, judgment entered in the First Judicial District Court, Lewis & Clark County, Cause No. DC-92-157, revoking his suspended criminal sentence.

¶2    Also pending before this Court, as our Cause No. DA 08-0476, is Borgen's direct appeal from the revocation of the same suspended sentence. The direct appeal has been fully briefed and submitted to the Court for classification. To save time and avoid duplication of effort by the Court and counsel, we have considered the briefs in the direct appeal in making this decision on Borgen's petition for habeas relief.

¶3    Borgen's brief on direct appeal makes the same argument as in his petition for habeas relief. That is, the petition to revoke the suspended portion of his sentence was filed after his sentence had expired. In its response brief in the direct appeal, the State

does not contest the facts as stated by Borgen, nor does it argue that his analysis of the law is erroneous.

¶4    The records referred to in the direct appeal, which are not challenged by the State, as well as those attached to the petition for habeas corpus, reveal that on July 21, 1993, the District Court sentenced Borgen, imposing ten years for felony assault, five years for carrying a concealed weapon, and added a sentence enhancement of five years because he used a weapon during the offense of felony assault. These sentences were ordered to run consecutively, for a total sentence of twenty years. Rather than sending him to Montana State Prison, the District Court committed Borgen to the custody of the Montana Department of Corrections and Human Services (now DPHHS) because at the time he committed the offenses he suffered from a mental disease or defect. The District Court later amended the sentences to give Borgen credit for 281 days served before he was sentenced.

¶5    On October 9, 1998, upon the petition of the director of DPHHS, the District Court issued an amended judgment. Pursuant to the amended judgment, Borgen's remaining sentence was suspended and he was placed on probation for approximately fifteen years--the total time remaining on his three consecutive sentences after he was given credit for five years and two months served after July 21, 1993.

¶6    On June 9, 2008, the State petitioned to revoke Borgen's suspended sentence. Borgen admitted the allegations of the petition and on July 31, 2008, he was re-

sentenced. The District Court placed Borgen in the custody of DPHHS for an additional fourteen years.

¶7 As noted above, Borgen originally was charged with and pled guilty to the offense of felony assault, which requires that the defendant purposely or knowingly cause reasonable apprehension of serious bodily injury in another by use of a weapon. *See* § 45-5-202(2)(b), MCA (1991). In each of the three judgments against Borgen--in 1993, 1998, and 2008--the court included the five year weapons enhancement to the sentence for felony assault for the use of a weapon, even though a necessary element of the underlying offense, felony assault, was the use of a weapon.

¶8 In *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 312, we held that application of the weapon enhancement statute to felony convictions in which the underlying offense requires proof of the use of a weapon violates Article II, Section 25 of the Montana Constitution, because it constitutes double jeopardy. The five year weapon enhancement portion of Borgen's sentences was illegal.

¶9 The total time remaining on Borgen's suspended sentence after the October 9, 1998, amendment, excluding the illegal five year weapons enhancement, was nine years and less than one month. The petition to revoke his suspended sentence was filed June 9, 2008, or nine years and eight months after October 9, 1998. Thus, the legal portion of Borgen's sentence had expired before the petition to revoke was filed. A petition to revoke a suspended sentence must be filed before the sentence expires. Section 46-18-203(2), MCA. The July 31, 2008, revocation of Borgen's sentence is facially illegal.

3

¶10     Incarceration of an individual pursuant to a sentence which imposes a facially illegal sentence enhancement represents a grievous wrong and a miscarriage of justice warranting habeas corpus relief. *See Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, 150 P.3d 337.

¶11     Borgen discharged the legal portions of his suspended sentences in Lewis & Clark County Cause No. DC-92-157 before the petition to revoke the suspended sentence was filed. The District Court judgment of July 31, 2008, must be vacated.

¶12     NOW, THEREFORE, IT IS ORDERED as follows:

¶13     1.   John Alfred Borgen's petition for writ of habeas corpus is GRANTED.

¶14     2.   The writ shall issue requiring:

        a.   The District Court of the First Judicial District to vacate its July 31, 2008, judgment and sentence in Lewis & Clark County Cause No. DC-92-157, *State of Montana v. John Alfred Borgen*, and,

        b.   The director of DPHHS to forthwith discharge the said John Alfred Borgen from custody and supervision under the sentences imposed in Lewis & Clark County Cause No. DC-92-157.

¶15     3.   The Clerk of this Court shall issue the Writ of Habeas Corpus under the name and seal of this Court and serve the same by mail, together with copies of this Opinion and Order, on the presiding judge in Lewis & Clark County Cause No. DC-92-157, the director of DPHHS, the director of the Montana Department of Corrections, and all counsel of record.

4

¶16    Let the Writ issue.

DATED this 22nd day of April, 2009.


                              /S/ JOHN WARNER


We Concur:


/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE