

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0553

JASON ROOD,

Petitioner,

v.

ORDER

VANCE LAUGHLIN, Warden,

Respondent.

FILED

MAY 0 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

*Overview*

Representing himself, Jason Rood has filed a Petition for a Writ of Habeas Corpus, indicating that he is due more credit for time served. The Assistant Attorney General for the State of Montana responds that Rood's Petition should be denied because he is procedurally barred from challenging his sentence upon revocation through habeas corpus, pursuant to § 46-22-101(2), MCA, and that he has not met his burden, demonstrating a prima facie case of illegal incarceration.

*Procedural Background*

In August 1998, Rood, then seventeen years of age, was arrested for two counts of sexual intercourse without consent in Flathead County. Rood entered a plea to the first count where the victim was 14 years old at the time of the offense, and the court dismissed the second count where the victim was 13.25 years old in the Flathead County District Court. On September 30, 1999, the District Court sentenced Rood to the Montana State Prison (MSP) for a suspended twenty-year term, subject to conditions of probation. The court ordered Rood to serve ninety days in jail and gave him sixteen days of credit for time served. Rood did not appeal.

Rood was under adult supervision in Santa Cruz, California, from 1999 to 2017. On May 17, 2017 the State filed a Petition for Revocation of Sentence in which it asserted

Rood violated the conditions of his suspended sentence as set forth in the Probation Officer Robert Hislop's May 8, 2017 Report of Violation (ROV). Officer Hislop's ROV asserted Rood violated conditions of his probation by pleading guilty to a felony Crimes Against Person and a misdemeanor offense of Driving Under the Influence of Alcohol. No other probation violations were alleged. Officer Hislop's report noted Rood was sentenced on these violation offenses to thirty-six months formal probation to include 365 days incarceration—with credit for 73 days already served. Officer Hislop further advised:

> It is this writer's recommendation that a warrant be issued for [Rood] and that he be brought back before the Court to answer to these alleged violations and if revoked that he spend *the remainder of his sentence, which is two years*, in Montana State Prison. (Emphasis added.)

At the revocation hearing, Rood admitted the convictions in California and the District Court revoked his suspended sentence. Rood received a twenty-year sentence to MSP with no time suspended. He was awarded 183 days of credit for time served. The court awarded him no street time credit, stating in its written judgment:

> Defendant is not to receive credit for any time otherwise served on probation for the reason that he began, almost immediately after his sentencing herein, to commit other offenses in the State of California and was never law-abiding for any extended period of time while he was on probation.

Order of Revocation Judgment & Sentence, at 2 (Mont. Eleventh Judicial Dist. Ct. Aug 22, 2017).

Through counsel, Rood appealed in 2017. His counsel raised three possible issues in the *Anders*[1] brief: (1) Rood may wish to argue that under Montana's 2017 revocation law he was owed street time credit for the original 1998 conviction; (2) a possible IAC claim because counsel in the revocation proceeding failed to object to the State's disregard of the 2017 amendments to § 46-28-203(1), MCA, because the petition to revoke did not include a description of the exhaustion and documentation under the Montana Incentives and Intervention Grid (MIIG); and (3) the District Court did not follow its oral

---

[1] *Anders v. Ca.*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

pronouncement and its written Order of Revocation Judgment and Sentence incorrectly imposed "conditions of parole" instead of conditions of probation, which the court only has legal authority to do.

Rood filed a response on his own behalf, citing several Montana statutes. He contended he was inappropriately not sentenced upon revocation under the 2017 version of § 46-18-203, MCA; he was not given any probationary hearing or intervention pursuant to MIIG, and his due process rights were violated as a result. He noted that prior to service of the probation warrant for his arrest, he had not had contact with Montana Probation and Parole since October 1999. Rood also argued he was due additional credit for time served as well as street time. He stated he thought the District Court had not consulted the records for any additional credit, referring to § 46-18-203(7)(b), MCA. He explained he should have received partial credit for the years for 1999 to 2007 and 2009 to 2010. Rood acknowledges his addiction, especially after his Mom's death in 2008. He states he had clean urine analysis tests, made his appointments, and paid his fines during those years. He points out the Judge relied on the County Attorney's statement about 'a vandalism charge. He contends this reliance was incorrect because the conviction was from 1996, occurring-*before* his conviction in this case. We dismissed his appeal. *State v. Rood*, No. DA 17-0605, Order (Mont. Dec. 3, 2019).

*Arguments*

In his instant Petition, Rood seeks street time credit for the time he was on probation in California. Although he couches it as a request for additional credit for time served of 650 days, he also alludes to failure of the District Court to appropriately award him street time.

Citing to § 46-22-101(2), MCA, the State contends he is procedurally barred from seeking habeas corpus relief for his 2017 sentence upon revocation and, as such, is not due any additional credit. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. The State refers to the court's Judgment and Sentence which reached the same conclusion.

3

*Discussion*

In 2005, Petitioner Lott was procedurally barred to raise his claims about an illegal sentence imposed in 1992 after there had been a change in the law about sentence enhancement. *See Lott v. State*, 2006 MT 279, ¶¶ 1-2, 334 Mont. 270, 150 P.3d 337(*citing State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 152 ("that application of the weapons enhancement to a felony offense that itself requires proving the use of a weapon violates Montana's constitutional protection against double jeopardy"). This Court took a broad approach to the remedy of habeas corpus. We distinguished the federal scope of habeas corpus relief, and "we conclude[d] that Montana's guarantee of the privilege of habeas corpus embodies a fundamental, intrinsic principle: the right to challenge the cause of one's imprisonment." *Lott*, ¶ 7. "When the delegates ratified the 1972 Constitution, they intended, at a minimum, that an individual incarcerated pursuant to a facially invalid sentence--for example, a sentence which either exceeds the statutory maximum for the crime charged or which violates the constitutional right to be free from double jeopardy--have the ability to challenge its legality." *Lott*, ¶ 22.

"The central function of the courts is the pursuit of justice. Like all human endeavors, this pursuit is occasionally flawed." *Lott*, ¶ 20. This Court erred in dismissing Rood's appeal, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), based on his counsel's assertion there were no non-frivolous issues to present on appeal. That error should not now be further compounded. Rood questions the facial validity of his sentence. The procedural bar to habeas corpus petitions "is unconstitutional as applied to facially invalid sentences." *See Gratzer v. Mahoney*, 2006 MT 282, ¶ 2, 334 Mont. 297, 150 P.3d 343 (expounding on the recent holding in *Lott*, and determining because of the issue concerning facial validity, the procedural bar to habeas corpus petitions is not applicable.). "The writ of habeas corpus is designed to correct such flaws and to remedy 'extreme malfunctions in the state criminal justice systems.'" *Lott*, ¶ 20 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 2796 n.5 (1979) (Stevens, J., concurring)). Thus, we conclude Rood has appropriately challenged his cause of

4

imprisonment through this habeas corpus action.

While the 1997 version of the Montana Code Annotated applied to Rood's 1998 conviction, the 2017 statutes for revocation apply to Rood's sentence upon revocation. Rood was convicted in 1998, and the 1997 version of Montana Code Annotated applies. *See State v. Piller*, 2014 MT 342A, ¶ 21, 378 Mont. 221, 343 P.3d 153 (express retroactivity provision contained in § 46-18-203(9), MCA (2011) (citation omitted). The 2017 version of this Code is found in § 46-18-203(12), MCA: "The provisions of this section apply to any offender whose suspended or deferred sentence is subject to revocation regardless of the date of the offender's conviction and regardless of the terms and conditions of the offender's original sentence." Pertinent here is the following language:

> If a suspended . . . sentence is revoked, the judge shall consider any elapsed time, *consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence.* If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

Section 46-18-203(7)(b), MCA (2017) (emphasis added).

The issue at Rood's revocation hearing was whether he violated the terms and conditions of his probation as outlined in the ROV—by committing a felony Crime Against Person and a misdemeanor DUI in CA for which he was sentenced in California on March 8, 2017. Rood admitted these violations. Prior to this time California reported no other violation for Rood while supervised in California pursuant to Interstate Compact. Thus, on the "records and recollection" of probation, no violations of probation were asserted prior to the May 8, 2017 ROV. This is confirmed by Officer Hilsop's averment that only two years remained on Rood's sentence. As such, we conclude the District Court imposed a facially invalid sentence upon revocation in denying Rood street time credit for the time he served on probation prior to May 17, 2017, the date the State filed the Petition for Revocation.

Therefore,

5

*Order*

IT IS ORDERED that Rood Petition for Habeas Corpus is GRANTED. This matter is remanded to the District Court to amend its Order of Revocation Judgment & Sentence to credit Rood for the time he was on probation up to May 17, 2017 consistent with this Order and to amend "conditions of parole" to conditions of probation.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable Robert Allison, District Court Judge, Flathead County; to Peg Allison, Clerk of District Court, Flathead County, under Cause No. DC-98-239B; to counsel of record, and to Jason Neal Rood personally.

DATED this ___4___ day of May, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

6