**ORIGINAL**

FILED

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0266

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0266

_____

ROBERT JOHN GARDNER,

        Petitioner,

v.

WARDEN JAMES SALMONSEN,

        Respondent.

ORDER

FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Robert John Gardner has filed a Petition for Writ of Habeas Corpus, requesting either his immediate release from prison or a reduction of his sentence. He argues he was not validly charged under § 45-5-102, MCA, for deliberate homicide, and that he should "only be charged under [] Mitigated Deliberate Homicide." Gardner asserts he is challenging "the sentence and not the underlying conviction," and requests remand to the District Court, citing to *Lott v. State*, 2006 MT 279, 334 Mont. 270, 150 P.3d 337.

This Court is familiar with Gardner's case background. In June 2006, the Fourth Judicial District Court, Missoula County, sentenced Gardner to the Montana State Prison (MSP) for a 100-year term, with 50 years suspended, for his deliberate homicide conviction. The District Court also sentenced Gardner to MSP for four, ten-year terms for four counts of tampering with or fabricating physical evidence. The court ran all sentences concurrently. The court imposed a fifteen-year parole eligibility restriction. Gardner did not appeal.

Earlier this year, Gardner petitioned for habeas corpus relief, arguing his sentence should be revised to a 100-year sentence with 85 years suspended to conform with § 46-18-221(4), MCA. *Gardner v. Salmonsen*, No. OP 21-0662, Order (Mont. Jan. 18, 2022) (*Gardner I*). We denied his petition, and explained: "The exceptions listed, pursuant

to § 46-18-222, MCA (2003), do not apply to Gardner, and his other references to sentencing statutes do not apply here." *Gardner I*, at 2. We stated that Gardner has a valid sentence and he has not demonstrated a facially invalid sentence, pursuant to § 46-22-101(1), MCA. *Gardner I*, at 2.

Nothing has changed since this Court's January Order. Gardner's reliance on *Lott v. State* is misplaced. He does not argue a change in law has rendered his sentence illegal, as in *Lott*. Lott challenged his sentences after a ruling from this Court that changed Montana law, which held a sentencing court could no longer constitutionally enhance a sentence without violating the prohibition against double jeopardy. *Lott*, ¶ 2 (citing *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 312). Another decision by this Court made the application of *Guillaume* retroactive. *State v. Whitehorn*, 2002 MT 54, ¶ 45, 309 Mont. 63, 50 P.3d 121. In contrast, Gardner did not receive any sentencing enhancements along with his sentences for his felony convictions, or otherwise receive an illegal sentence.

Gardner is not entitled to habeas corpus relief or his immediate release. Section 46-22-101(1), MCA. Gardner's challenge to his deliberate homicide conviction cannot be addressed through this remedy. Section 46-22-101(2), MCA. This Court cannot reduce Gardner's sentence. Accordingly,

IT IS ORDERED that Gardner's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Robert John Gardner personally.

DATED this 14th day of June, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices