No. 99-421

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 33

298 Mont. 208

996 P. 2d 379

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KURT DUNNETTE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding

COUNSEL OF RECORD:

For Appellant:

Larry Jent, Williams, Jent & Dockins, Bozeman, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Carol Schmidt, Assistant Montana Attorney General, Helena, Montana; Marty Lambert, Gallatin County Attorney, Gary Balaz, Deputy Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs: January 27, 2000

Decided: February 7, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1. The defendant, Kurt Dunnette (Dunnette), appeals from the sentence and judgment of the District Court of the Eighteenth Judicial District, Gallatin County, dated May 21, 1999. On appeal Dunnette contends that the District Court violated the double jeopardy clause of the Montana Constitution when it sentenced him to ten years for the offense of criminal endangerment, a felony, § 45-5-207, MCA, and to an additional two years under the weapons enhancement statute, § 46-18-221, MCA, for the use of a weapon in committing the underlying offense. We affirm.

## Background

¶2. On September 10, 1998, the State charged Dunnette, by information, with the charge of criminal endangerment, a felony, in violation of § 45-5-207, MCA. Dunnette pleaded not guilty and, following a jury trial on March 8 and 9, 1999, the jury found Dunnette guilty of the offense of criminal endangerment.

¶3. The court sentenced Dunnette on May 7, 1999, to ten years in the Montana State Prison with eight years suspended, upon various conditions. The court also sentenced Dunnette to two years in the Montana State Prison with none suspended pursuant to the weapons enhancement statute, § 46-18-221, MCA, for use of a weapon during the commission of the offense. This additional sentence was ordered to run consecutively with the sentence on the underlying offense.

¶4. Dunnette's conviction arose out of an incident on July 14, 1998, in Gallatin County. Basically, Thomas and Susan Wade (the Wades) were traveling northbound on their motorcycle on U.S. Highway 191. The Wades had to stop for construction and were behind various motor vehicles, including Dunnette's. A flag person at the scene directed

the Wades to drive to the head of the line. This apparently angered Dunnette and when the Wades and Dunnette finally cleared the construction zone Dunnette began following the Wades very closely in a confrontational manner. Dunnette gave the Wades "the finger." The Wades were stopped by another construction flag person and Dunnette pulled up behind them extremely close.

¶5.When the Wades and Dunnette again cleared the construction area, Dunnette followed them very close. Dunnette passed the Wades and again gave them the finger. The Wades returned the gesture and motioned Dunnette to pull off the road. Dunnette pulled in front of the Wades with barely enough clearance, again gave the Wades the finger, and then stuck his hand out the window and shot pepper spray toward the Wades. The pepper spray struck the windshield of the Wades' motorcycle and hit both of the Wades in the face. The Wades' eyes began to burn and water. Susan began to cough, gasp for air, and felt nauseous.

¶6.The Wades were able to accelerate, however, and obtain the license plate number of Dunnette's vehicle. After the Wades notified the authorities, Dunnette was ultimately stopped.

## Discussion

¶7. Did the District Court violate the double jeopardy provisions of the Montana Constitution when it sentenced Dunnette for the offense of criminal endangerment and then enhanced his sentence under the weapons enhancement statute for the use of a weapon?

¶8.This Court reviews a criminal sentence only for legality (i.e., whether the sentence is within the parameters provided by the statute). *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶9.Citing our decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, Dunnette argues that in imposing the weapons enhancement, the District Court punished him twice for the act charged in the Information. Dunnette reasons that the Information stated that he committed the offense of criminal endangerment when he engaged in aggressive tactics toward the Wades while driving his pickup on U.S. Highway 191 in Gallatin County, in that he followed the Wades too closely in his truck, that he used his vehicle to cut in front of the Wades too closely, and that he shot them with pepper spray.

Dunnette thus concludes that it was impossible for him to commit the offense as charged without using the weapons--either his vehicle or the pepper spray. He concludes that the "underlying offense" required proof of the use of a weapon and that the enhancement of his sentence, therefore, violated the double jeopardy provision of Article II, Section 25 of the Montana Constitution.

¶10. We recently addressed this same argument in *State v. Keith*, 2000 MT 23, ___ Mont ___, ___ P.2d ___. In that case, Keith was convicted of felony criminal endangerment under circumstances that involved her firing a handgun inside an apartment. The fourth shot fired by Keith went through a desk and into a wall of the adjoining apartment. *Keith*, ¶¶ 6-7.

¶11. Keith advanced the same argument as Dunnette. Citing *Guillaume*, Keith contended that since her conviction for criminal endangerment was based on her conduct of firing a gun, she should not have been given an additional sentence for the use of that gun because that would require punishing her twice for the same offense. *Keith*, ¶ 33.

¶12. We rejected Keith's argument citing our decision in *Guillaume*. We stated:

This Court agreed with Guillaume and held that the application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution. *Guillaume*, ¶ 16. We further explained:

The only factor raising Guillaume's charge from misdemeanor assault to felony assault was his use of a weapon. We interpret this distinction between the two offenses, and the different penalties imposed by each offense, as the legislature's way of punishing a criminal defendant for use of a weapon in committing an assault. Thus, when the weapon enhancement statute was applied to Guillaume's felony assault conviction, Guillaume was subjected to double punishment for use of a weapon: once when the charge was elevated from misdemeanor assault to felony assault, and again when the weapon enhancement statute was applied. We agree with Guillaume that this form of double punishment is exactly what double jeopardy was intended to prohibit. *Guillaume,* ¶ 18.

*Keith, ¶ 36.*

¶13. The offense of criminal endangerment is committed when a person knowingly

engages in conduct that creates a substantial risk of death or serious bodily injury to another. Section 45-5-207(1), MCA. We held in *Keith* that the statute defining criminal endangerment does not require proof of the use of a weapon, nor did the use of a weapon raise Keith's crime from a misdemeanor to a felony as in *Guillaume*. *Keith*, ¶ 37.

¶14.The same result obtains in the case at bar. Dunnette was convicted of criminal endangerment. The statute defining this offense does not require proof of the use of a weapon, nor did the use of a weapon raise Dunnette's crime from a misdemeanor to a felony as in *Guillaume*. Moreover, as we stated in *Keith*, if we were to accept Dunnette's argument, there would be a double jeopardy violation every time a court applied the weapons enhancement statute to a felony offense. *Keith*, ¶ 38.

¶15.The fact that Dunnette used the weapon when he committed the offense of criminal endangerment and was thus sentenced to an additional term under the weapons enhancement statute did not result in multiple punishments for the same offense because the offense of criminal endangerment, by its own terms, does not specifically increase a defendant's punishment for the use of a weapon. *Keith*, ¶ 39.

¶16.Accordingly, as we did in *Keith*, we hold that the application of the weapons enhancement statute to Dunnette's conviction for criminal endangerment did not subject Dunnette to double punishments in violation of the double jeopardy provision of Article II, Section 25 of the Montana Constitution.

¶17.Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART