No. 99-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 157

STATE OF MONTANA,

Plaintiff and Respondent,

v.

THOMAS ALAN PARK,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable William Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin S. Brown; Paoli & Brown, Livingston, Montana

Stephen Potenberg, Attorney at Law, Livingston, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler, Assistant

Attorney General, Helena, Montana

Submitted on Briefs: January 18, 2001
Decided: August 14, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Thomas Alan Park pled guilty in the Sixth Judicial District Court, Park County, to mitigated deliberate homicide and felony forgery. He appeals on a sentencing issue and we affirm.

¶2 The issue is whether the District Court violated the Montana Constitution's prohibition against double jeopardy when it sentenced Park to an additional 10 years in prison for using a weapon in the mitigated deliberate homicide.

¶3 On May 27, 1996, Park strangled and shot to death Sandra J. Keilhauer, with whom he had been living. Five days earlier, Park had forged, cashed, and deposited to his bank account personal checks of Keilhauer's for $980 and $989.50.

¶4 Park initially was charged with, and pled not guilty to, deliberate homicide and felony forgery. During pretrial proceedings, Park asked this Court to take supervisory control on issues concerning his right to remain silent when questioned by a state psychiatrist about events surrounding the homicide. *See Park v. Montana Sixth Judicial Dist. Ct.*, 1998 MT 164, ¶ 1, 289 Mont. 367, ¶ 1, 961 P.2d 1267, ¶ 1. We affirmed the District Court's right to compel Park to submit to an examination by a state expert, but ruled that he could not be compelled to answer questions regarding the offense during that examination. *Park*, ¶ 40. We then remanded for further proceedings.

¶5 On remand, the parties entered into a plea agreement under which Park pled guilty to felony forgery and mitigated deliberate homicide. Pursuant to the agreement, each side argued at the sentencing hearing for the sentence it considered appropriate.

¶6 The District Court sentenced Park to 40 years in prison for the mitigated deliberate homicide, with no possibility of parole, and 20 years in prison for the forgery, to be served consecutively. It imposed an additional 10-year prison sentence based on Park's status as a persistent felony offender. Finally, the District Court added another 10-year sentence--again, to be served consecutively--for use of a weapon during the commission of the

mitigated deliberate homicide. Park appeals only the 10-year sentence for use of a weapon.

¶7 Did the District Court violate the Montana Constitution's prohibition against double jeopardy when it sentenced Park to an additional 10 years in prison for using a weapon in the mitigated deliberate homicide?

¶8 Section 46-18-221, MCA, commonly known as the weapon enhancement statute, provides for the imposition of additional criminal penalties for conviction of an offense committed with a dangerous weapon. It provides, in relevant part:

> A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years.

Section 46-18-221(1), MCA.

¶9 The District Court concluded as a matter of law that the weapon enhancement statute applied in this case. This Court reviews a district court's "interpretation of the law, including questions of statutory interpretation, to determine whether the court's interpretation is correct." *State v. Montoya*, 1999 MT 180, ¶ 16, 295 Mont. 288, ¶ 16, 983 P.2d 937, ¶ 16 (citations omitted).

¶10 Park relies on *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, in arguing on appeal that the District Court's application of the weapon enhancement statute violates Montana's constitutional prohibition against double jeopardy. In that case, Guillaume raised a double jeopardy challenge to application of the weapon enhancement statute to his conviction of felony assault. We examined the statutory definition of the offense of felony assault in § 45-5-202(2), MCA (1997), which includes "by use of a weapon" as an element. On that basis, we concluded that application of the weapon enhancement statute to an offense which already included as an element of the offense "by use of a weapon" violated a defendant's right to be free from double jeopardy under the Montana Constitution. *Guillaume*, ¶ 16.

¶11 We subsequently have clarified in two decisions that *Guillaume* is applicable only to offenses which include weapon use as a statutory element of the offense. *See State v. Dunnette*, 2000 MT 33, 298 Mont. 208, 996 P.2d 379, and *State v. Keith*, 2000 MT 23, 298 Mont. 165, 995 P.2d 966. In both *Dunnette* and *Keith*, the defendants argued on appeal that application of the weapon enhancement statute to their convictions of the offense of criminal endangerment constituted double jeopardy under a *Guillaume* analysis. We rejected those arguments, pointing out that the *Guillaume* analysis is based on the statutory definition of the underlying offense, that is, whether the offense includes use of a weapon as an element. *Dunnette*, ¶ 14; *Keith*, ¶ 39. Because the statutory definition of criminal endangerment does not require proof of use of a weapon, application of the weapon enhancement statute to a conviction of criminal endangerment does not violate double jeopardy. *Dunnette*, ¶ 15; *Keith*, ¶ 39.

¶12 A person commits mitigated deliberate homicide by purposely or knowingly causing the death of another human being while under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse. *See* § 45-5-103(1), MCA. The statute contains no "use of a weapon" element. Consequently, we conclude that application of the weapon enhancement statute to a conviction of mitigated deliberate homicide does not constitute double jeopardy under *Guillaume*, *Dunnette*, and *Keith*.

¶13 Park contends, however, that under this Court's broad interpretation of the word "weapon," it is implicit that a weapon has been used every time a deliberate or mitigated homicide occurs. Based on that assertion, he claims application of the weapon enhancement statute to a conviction of mitigated deliberate homicide violates the double jeopardy provision.

¶14 Park's assertion is without merit. First, this Court has limited the definition of "weapon" in several cases. In *State v. Clemo*, 1999 MT 323, ¶ 13, 297 Mont. 316, ¶ 13, 992 P.2d 1263, ¶ 13, we concluded an unloaded BB gun used to rob a casino was not a weapon as statutorily defined. In *In re R.L.S.*, 1999 MT 34, ¶ 10, 293 Mont. 288, ¶ 10, 977 P.2d 967, ¶ 10, we determined a device which only appeared to be a bomb was not a weapon as statutorily defined.

¶15 Further, the State of Montana points to numerous homicide cases, from Montana as well as other jurisdictions, in which no conceivable weapon caused the death. *See, e.g., State v. Mally* (1961), 139 Mont. 599, 610, 366 P.2d 868, 874 (upholding homicide conviction where defendant's failure to summon medical aid was the proximate cause of

his wife's death); *Territory v. Manton* (1888), 8 Mont. 95, 107-08, 19 P. 387, 393-94 (upholding homicide conviction of defendant who left his intoxicated and inadequately-clothed wife outside in winter conditions overnight); *United States v. Hatatley* (10th Cir. 1997), 130 F.3d 1399, 1403-04 (upholding defendant's homicide conviction for leaving victim shirtless in a remote desert area where he died of hypothermia); *People v. Steinberg* (N.Y. 1992), 595 N.E.2d 845, 848 ("Contrary to defendant's claim, even a person without specialized medical knowledge can have the intent to cause serious physical injury by withholding medical care").

¶16 More importantly, however, the double jeopardy question under *Guillaume* and its progeny is not whether a weapon was used in the commission of the underlying offense. The question is whether the statutory definition of that offense includes use of a weapon with the result that a defendant is punished twice for the same act(s), on the same required proof so as to constitute a double jeopardy violation. The answer to the question in *Guillaume* was in the affirmative. The answer in *Dunnette* and *Keith* was in the negative. Those cases clearly require a negative answer here.

¶17 Park having failed to establish error, we hold that the District Court did not violate the Montana Constitution's prohibition against double jeopardy when it sentenced Park to an additional 10 years in prison for using a weapon in the mitigated deliberate homicide.

¶18 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART