FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0544

DA 22-0544

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 196N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

JUSTIN JAMES SWANSON,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DC-21-263C
                  Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Chad Wright, Appellate Defender, Carolyn Gibadlo, Assistant
          Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
          Attorney General, Helena, Montana

          Audrey S. Cromwell, Gallatin County Attorney, Bozeman, Montana

                        Submitted on Briefs:  May 29, 2024

                                 Decided:  August 27, 2024

Filed:

                         _____
                                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Justin James Swanson appeals from the Eighteenth Judicial District Court's 10-year weapon enhancement pursuant to § 46-18-221(1), MCA, on each of his concurrent 54-year sentences to the Montana State Prison for aggravated sexual intercourse without consent and aggravated kidnapping. Swanson argues plain error review of his sentence is warranted because the application of the weapon enhancement provision to his sentences violates the prohibition against double jeopardy embodied in Art. II, § 25 of the Montana Constitution. We affirm.

¶3 Swanson was accused of holding a woman, I.E., in her own home against her will for more than six hours, during which time Swanson threatened her with a gun, used a taser on her several times, and forced her to have sexual intercourse.

¶4 Swanson and I.E. met over the internet in February 2020 and developed a platonic relationship. I.E. rebuffed attempts by Swanson to make their relationship romantic. After several months of increasingly troubling behavior by Swanson, including instances of him following I.E., waiting outside of her residence, and surreptitiously recording her, Swanson broke into I.E.'s residence on April 27, 2021. Swanson brought zip ties, socks, a scarf, food, water, a five-gallon container of gasoline, a taser, and multiple firearms.

¶5     Swanson waited inside I.E.'s home for two days for I.E. to return.  When I.E. returned home she was accompanied by her boyfriend, B.V.  As I.E. and B.V. entered the residence, B.V. reported hearing a crackling noise, and saw Swanson taser I.E.  Swanson pointed a gun at B.V. and forced him to leave the residence.  B.V. alerted authorities who responded to I.E.'s home.  While inside, Swanson held I.E. at gunpoint and forced her to engage in sexual intercourse.  I.E. reported that Swanson tased her 2-3 more times during the hours he held her.  After several hours of communicating with law enforcement, Swanson let I.E. leave.  Swanson was apprehended after attempting to take his own life.

¶6     Investigators entered I.E.'s residence after transporting Swanson from the scene to receive medical treatment, where they found, among other things, Swanson's cell phone.  Investigators obtained a warrant to search the phone and observed several photos and a video of I.E. entering and exiting a shower, which appeared to be taken from a clandestinely hidden location.  Investigators also found screenshots of a video of another woman, Swanson's neighbor, taken surreptitiously from outside of her residence.

¶7     In a six-count information, the State charged Swanson with: (1) aggravated sexual intercourse without consent, a felony; (2) aggravated kidnapping, a felony; (3) aggravated burglary, a felony; (4) assault with a weapon, a felony; (5) surreptitious visual observation or recording, a misdemeanor; and (6) surreptitious visual observation or recording, a misdemeanor.  Pursuant to a plea agreement, Swanson pled guilty to counts 1, 2, 4, and 6, and counts 3 and 5 were dismissed.  Swanson also agreed that his guilty plea would include "admissions to the Weapons Enhancement for Count 1 and Count 2."  The District Court

enhanced the sentences for both the aggravated sexual intercourse without consent charge and aggravated kidnapping charge by ten years, pursuant to § 46-18-221, MCA.

¶8 We review a district court's imposition of a sentence for legality. *State v. Matz*, 2006 MT 348, ¶ 19, 335 Mont. 201, 150 P.3d 367. "When the issue concerns whether the district court violated the defendant's constitutional rights at sentencing, the question is a matter of law which we review *de novo* to determine whether the district court's interpretation of the law is correct." *Matz*, ¶ 19 (internal quotations and citations omitted). "The party requesting reversal because of plain error bears the burden of firmly convincing this Court that the claimed error implicates a fundamental right and that such review is necessary to prevent a manifest miscarriage of justice or that failure to review the claim may leave unsettled the question of fundamental fairness of the proceedings or may compromise the integrity of the judicial process." *State v. George*, 2020 MT 56, ¶ 5, 399 Mont. 173, 459 P.3d 854.

¶9 "[A]pplication of the weapon enhancement statute to felony convictions where the underlying offense *requires* proof of use of a weapon violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution." *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, 975 P.2d 312 (emphasis added). In that regard, we have clarified on multiple occasions that "the double jeopardy question under *Guillaume* and its progeny is not whether a weapon was used in the commission of the underlying offense." *State v. Park*, 2001 MT 157, ¶ 16, 306 Mont. 98, 30 P.3d 1062. Rather, "[a] double jeopardy analysis under *Guillaume* is based upon the statutory definition of the underlying

4

offense, i.e., whether one of the elements of the offense requires proof of the use of a weapon." *Matz*, ¶ 23. "*Guillaume* is applicable *only* to offenses which include weapon use *as a statutory element* of the offense." *Park*, ¶ 11 (emphasis added).

¶10 While acknowledging that neither aggravated sexual intercourse without consent nor aggravated kidnapping require weapon use as a statutory element, Swanson notes that they both include a use of force element, and he argues that "the terms using force and using a weapon are equivalent." Swanson notes that during his allocution, he admitted that during both offenses the force he used was a weapon. Swanson argues that he was therefore punished twice for using a weapon and we should exercise plain error review because we have repeatedly held that "[w]hether multiple punishments have been imposed in violation of a defendant's fundamental right to be free from double jeopardy brings into question the fundamental fairness of the proceedings and the integrity of the judicial process."

¶11 Swanson's efforts to distinguish our explicit holdings in multiple precedents over the years that a weapon enhancement implicates the double jeopardy prohibition only when the underlying offense includes a statutory element that requires proof of the use of a weapon are unavailing. Swanson has failed to carry his burden of firmly convincing this Court that his claimed error warrants plain error review.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

                                        /S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE